THOMAS, J.,
Dissenting.
I would grant the motion for review and reverse the lower tribunal’s March 2, 2012, order denying a stay. The lower tribunal’s order, which adopted its prior interim order, requires, inter alia, that the real property held by the trust be liquidated in its entirety. The appellant argues that this order is inconsistent with the provisions of the trust, requiring distributions of some of the real property to Petitioner and Respondent, respectively.
A stay is appropriate when a party has demonstrated a likelihood of success on the merits, and a likelihood of harm to that party absent the entry of a stay. See Perez v. Perez, 769 So.2d 389 n. 4 (Fla. 3d DCA 1999). Here, the movant has established a likelihood of success on the merits. Particularly concerning is the trial court’s order as it relates to the real property located in Marion County. As the appellant argues, it would appear that the lower tribunal’s order is inconsistent with Article 16 of the Trust, which provides that “[i]f it is possible to do so without overfunding JEANNE CHITTY CAMPBELL’S one half interest in this Trust Estate, I direct that the Trustee fund her devise with real property situated in Marion County, Florida.” If the real property is liquidated prior to the outcome of this appeal, irreparable harm will result to the appellant.
I therefore respectfully dissent.